# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DENNIS THOMPSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 17-cv-843-SMY-RJD |
| MISTY THOMPSON, et al., | ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Dennis Thompson, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard"). Specifically, Plaintiff alleges officials at Menard failed to treat his degenerative joint/disc disease and retaliated against him for engaging in protected activity. Following threshold review, Plaintiff proceeds on the following Counts:

**Count 1** – Eighth Amendment claim against Jane Doe, Tripp and Thompson for exhibiting deliberate indifference to Plaintiff's serious medical condition (DJD and associated symptoms) on or about December 2016.

**Count 2** – Eighth Amendment claim against Thompson for exhibiting deliberate indifference to Plaintiff's serious medical condition (DJD and associated symptoms) by refusing to provide Plaintiff with pain medication on or about February 29, 2016.

**Count 3** – Eighth Amendment claim against Tripp for exhibiting deliberate indifference to Plaintiff's serious medical condition (DJD and associated symptoms) by refusing to provide Plaintiff with his Neurontin prescription, beginning on or about June 8, 2017.

**Count 4** – Eighth Amendment claim against Trost for exhibiting deliberate indifference to Plaintiff's serious medical condition (DJD and associated symptoms) by failing to refer Plaintiff to physical therapy and/or failing to

refer Plaintiff for a second evaluation with the outside specialist in a timely manner.

**Count 5 –** First Amendment retaliation claim against Tripp, Thompson and Trost for retaliatory conduct in 2016 and 2017 motivated by Plaintiff's civil lawsuits and grievances.

This matter is now before the Court on Defendant Tripp's Motion for Summary Judgment on Count Three for Failure to Exhaust Administrative Remedies (Doc. 76). Plaintiff filed a Response (Doc. 80). For the following reasons, Defendant's motion is **GRANTED**.

## Background

Plaintiff asserts that he exhausted his administrative remedies when he filed the following grievances relating to his medical treatment:

**December 12, 2016**: Thompson states that on December 4, 2016, "Jane Doe" nurse made rounds during the 3-11 shift to pass out medication, and he explained to her that he had severe degenerative joint disease and with hip dysplasia. He explained that he was in severe pain and experiencing edema and needed to be a priority for the doctor call line.

On December 6, 2016, he spoke to Nurse Tripp during the 7-3 shift and again explained his medical issues. He requested emergent treatment and upon refusal, asked her to provide him temporary pain medication because he did not have any in his possession.

He attempted to speak with Nurse Tripp again on December 8, 2016, and she told him she would return but she failed to do so. The next day, he suffered severe spasms causing him to collapse on the cell floor. Nurse Tripp responded to the emergency medical call, observed him yelling in pain, and rendered no aid. He was transferred to the health care unit by other security staff.

The relief requested was that he be seen by Medical Director Trost and that he be awarded compensation for damages for his pain and suffering due to the unnecessary delay in treatment.

The Counselor responded to the grievance on December 19, 2016, stating that HCU had reviewed the grievance and Thompson was scheduled to be seen in the near future. The grievance is stamped received on December 22, 2016. There is no further documentation submitted regarding this grievance.

**December 13, 2016**: Thompson states that on December 5 or 6, 2016, he told the officer he was experiencing severe pain and needed to be seen by a medical professional. Medical was notified and within a few hours, Misty Thompson arrived at his cell. Plaintiff heard her say to the officer, "I wish you had told me it was the fucker who is suing everybody that was in distress before I walked all the way to this cell." Plaintiff explained to Defendant Thompson the medical issues he was experiencing and requested emergency treatment. Defendant Thompson responded, "You know I'm not doing that for you – you need to think about things before you start suing the very people you need to give you care especially with the way you're breaking down." Plaintiff requested temporary medication from the stock shelf.

The requested relief was to speak to Dr. Trost so that he could report that his medical staff had repeatedly retaliated against him for filing grievances. The Counselor responded to the grievance on December 21, 2016, stating that his grievance is "duplicative in manner to previous grievance on medical issues. The previous grievance is now with the Grievance Officer for review." The grievance is stamped received on December 22, 2016. There is no further documentation submitted regarding this grievance.

**July 3, 2017**: On June 22, 2017, the medical furlough clerk docketed in Thompson's medical records that Dr. Ritz of Wexford had denied the referral Dr. Siddiqui submitted for Thompson to be seen by an outside orthopedic surgeon. Thompson complains that his condition has worsened substantially since he was last seen by an orthopedic surgeon in April 2016. He

describes his current health issues and requests to be sent to an orthopedic surgeon for a second hip replacement evaluation.

The Counselor responded to the grievance on September 12, 2017, directing him to see the attached response from HCU. A memorandum dated July 26, 2017 was attached, stating that Dr. Siddiqui had reviewed the grievance and medical record and the referral had not been approved at this time. Dr. Ritz's review of orthopedic notes from 2016 was pending and a follow-up was requested. The Grievance Officer responded on September 18, 2017 stating the issue was previously addressed in Grievance # 81-8-17 and there was no justification for further review. The grievance officer memo further stated that if Thompson disagreed with the original grievance (81-8-17) a copy of which was sent to him on 9/7/17, he could appeal that grievance (81-8-17) to the ARB within the prescribed timeframe. The ARB received the July 3, 2017 grievance on October 11, 2017, and denied the grievance because it was not submitted within the timeframe outlined in Department Rule 504. The ARB also noted that there was no record of grievance # 81-8-17 being appealed to the ARB.

**July 23, 2017 (#81-8-17)**: Thompson reports he suffers from severe osteoarthritis of the spine and hip dysplasia which causes severe pain. Per the Doctor's orders, he is to receive Neurontin three times per day. When Nurse Tripp has worked in place of Nurse Norton, she has repeatedly refused to bring him his Neurontin. On or about June 8, 2017, staff started delivering Neurontin to his cell. Nurse Tripp refused to bring him his medication on multiple occasions. He specifically recalls she refused on July 10, 2017 and again on July 21, 2017.

The requested relief was to have his medication delivered on the 7 AM to 3 PM shift, that Nurse Tripp be fired from IDOC, and that he receive compensatory damages. The Counselor responded to the grievance on August 3, 2017, "see attached response from HCU." The response

from the HCU was not submitted to the Court, although a response from HCU dated August 14, 2017 is referenced in the Grievance Officer's Report as noted below.

On August 15, 2017, Thompson sent a letter to the Grievance Officer explaining that the Counselor had incorrectly combined the two July grievances. On August 22, 2017, the Grievance Officer issued a report and noted that the medical director had reviewed the offender's complaint concerning medical technician Tripp failing to bring his medication. The memo stated that the HCU personnel must adhere to policy and procedure for medication administration and the nursing staff is trained to have routine competency checks completed. The Grievance Officer contacted HCU specifically regarding the medication issue and was advised offender's medication was not purposefully withheld. The medication took approximately two weeks to get approved due to being non-formulary. The recommendation by the Grievance Officer was that the inmate's grievance be denied.

The CAO concurred on September 7, 2017. Thompson signed the appeal to the ARB that same day. The ARB did not receive the grievance until December 7, 2017. On December 11, 2017, the ARB denied the appeal because it was not timely filed.

After a careful review of the arguments and evidence set forth in the parties' briefs, the Court has determined that an evidentiary hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) is not necessary.

### **Legal Standards**

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material

fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). When considering a summary judgment motion, the Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

Pursuant to 42 U.S.C. § 1997e(a), inmates are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "[A]ll dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance to his or her institutional counselor within 60 days after the discovery of the incident, occurrence, or problem, unless certain discrete issues are being grieved. 20 ILL. ADMIN. CODE § 504.810(a). If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e). The CAO then advises the inmate of a

decision on the grievance. *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board for a final decision. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal. 20 ILL. ADMIN. CODE § 504.850(d) and (e).

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the Chief Administrative Officer. *Id.* § 504.840. If it is determined that a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance is handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender. *Id.* Inmates may also submit certain types of grievances directly to the Administrative Review Board, including grievances related to protective custody, psychotropic medication, and certain issues relating to facilities other than the inmate's currently assigned facility. *Id.* at § 504.870.

## Discussion

Defendant Tripp asserts she is entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies as to Count Three prior to filing suit. Specifically, Tripp argues the July 23, 2017 grievance concerning the medication denial by her was not exhausted until the ARB denied the grievance on December 11, 2017. Plaintiff filed this lawsuit on August 7, 2017.

Plaintiff asserts the July 23, 2017 grievance exhausted his administrative remedies on Count Three "while the Court presided over Plaintiff's Complaint and Motion for Preliminary Injunction." He contends there is an "irreparable harm/undue severe pain" exception to the

PLRA exhaustion requirement and that it was not necessary for him to exhaust his administrative remedies *prior* to filing suit; rather, he could exhaust the remedies while the suit was pending.

Plaintiff is incorrect. Section 1997e(a) does not require exhaustion of administrative remedies before a case may be decided. Instead, it provides that "*[n]o action shall be brought* with respect to prison conditions ... *until* such administrative remedies as are available are exhausted." Thus, Plaintiff filed this action in violation of § 1997e(a).[1] See *Perez v. Wisconsin Dep't of Corr.,* 182 F.3d 532, 534–35 (7th Cir. 1999).

As an alternative argument, Plaintiff asserts the December 2016 grievances exhausted his administrative remedies because the actions complained of in Count Three were a continuing violation, and under the continuing violation doctrine, he was not required to file additional grievances. The December 12, 2016 grievance did complain about Nurse Tripp, however, the conduct complained of in early December 2016 was separate and distinct from the allegations in Count Three.

Count Three was identified by the Court as an Eighth Amendment claim against Tripp for exhibiting deliberate indifference to Plaintiff's serious medical condition (DJD and associated symptoms) by refusing to provide Plaintiff with his Neurontin prescription, beginning on or about June 8, 2017 (Doc. 12). The Court noted that any other claim mentioned in the Second Amended Complaint but not addressed in the Screening Order was dismissed without prejudice as inadequately pled under the *Twombly* pleading standard (Id.). As identified by the Court, the actions giving rise to Count Three occurred when Plaintiff was allegedly refused his Neurontin prescription on or about June 8, 2017. Therefore, grievances filed in December 2016 could not

---

[1] Thompson also argues the ARB denial of the July 23, 2017 grievance was improper because he sent the appeal to the ARB on September 7, 2017; therefore, the ARB should have timely received it. The Court need not make a factual determination as to whether the ARB received the grievance in September or December because it has already determined administrative remedies were not exhausted prior to suit being filed on August 7, 2017.

exhaust Plaintiff's administrative remedies as to the issue.[2] For these reasons, Defendant Tripp is entitled to summary judgment for failure to exhaust administrative remedies as to Count Three.

### Conclusion

For the foregoing reasons, Defendant Tripp's Motion for Summary for Failure to Exhaust Administrative Remedies (Doc. 76) is **GRANTED**; Plaintiff's claims in Count Three are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

**DATED:  July 16, 2018**

                                            **s/ Staci M. Yandle**
                                            **STACI M. YANDLE**
                                            **United States District Judge**

---

[2] Because the Court has determined the December 2016 grievances could not exhaust Plaintiff's claims in Count Three, a review of whether the December 2016 grievances were fully exhausted is not necessary.